IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VONDELERE B. WHITE, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:13-cv-375 |
| CURTIS WHITE, et al., | | JUDGE WALTER H. RICE |
| Defendants. | : | |

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #3); SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS THERETO (DOC. #4); DISMISSING COMPLAINT (DOC. #2) WITH PREJUDICE; DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

On January 3, 2014, Chief United States Magistrate Judge Ovington issued a Report and Recommendations (Doc. #3), recommending that Plaintiff's Complaint be dismissed because Plaintiff had not established a vested interest in Curtis White's retirement benefits. She also found that, regardless of whether ERISA's three-year or six-year statute of limitations applied, the claim was time-barred because the claim accrued in 1998, and Plaintiff did not file suit until 2013.

Plaintiff filed timely Objections to the Report and Recommendations (Doc. #4). Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court must review

*de novo* any part of the Magistrate Judge's disposition that has been properly objected to.

The Court SUSTAINS Plaintiff's Objection to the Magistrate Judge's finding that Plaintiff had no vested interest in Curtis White's pension benefits given that their marriage lasted only two years after Curtis White began working at General Motors. Actually, he started working at General Motors in 1968, and the divorce decree was not entered until 1979. But regardless of whether Plaintiff had a vested interest in his retirement benefits, her claim is still subject to dismissal.

Based on the reasoning and citations of authority set forth by Magistrate Judge Ovington in her Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS that judicial filing (Doc. #3), and OVERRULES the remainder of Plaintiff's Objections (Doc. #4). In so holding, the Court makes the following, non-exhaustive observations:

    1.    Regardless of whether Plaintiff had a vested interest in Curtis White's retirement benefits, her ERISA claim is time-barred. She waited fifteen years after learning of the alleged violation before filing suit. The Court notes that Plaintiff appears to concede that her claim is time-barred: "I understand and respect this courts' decision on the dismissal of my complaint based on the grounds of ERISA relief, due to the time noted statute of limitations, as stated in the Report and Recommendations." Doc. #4, PageID#64.

2

2.   The issuance of a qualified domestic relations order ("QDRO") lies within the exclusive jurisdiction of the state court. *See* 29 U.S.C. § 1056 (d)(3)(B)(ii) (defining a "domestic relations order" as one "made pursuant to a State domestic relations law"). A federal district court has no authority to issue a QDRO. *See Hunter v. Ameritech*, 779 F. Supp. 419, 421 (N.D. Ill. 1991).

The Montgomery County Domestic Relations Court has already rejected Plaintiff's request for a QDRO, and for an order allocating a portion of Curtis White's pension benefits to her. That decision was affirmed by the Second District Court of Appeals in *White v. White*, 2d Dist. No. 24391, 2011 WL 2089619 (Ohio Ct. App. May 20, 2011). Plaintiff maintains that these decisions violate her rights under ERISA. She seeks money damages and injunctive relief from the state courts and from Curtis White.[1]

To the extent that Plaintiff's alleged injury stems from the prior state court decisions, her claim is barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

---

[1]   The Eleventh Amendment to the United States Constitution bars any claim for money damages against the state courts.

3

For these reasons, the Court DISMISSES Plaintiff's Complaint (Doc. #2) WITH PREJUDICE. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal of this decision would not be taken in good faith. Accordingly, Plaintiff is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 7, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE